IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY RHODES                                                                          PLAINTIFF

vs.                                    Civil No. 4:15-cv-04068

CAROLYN W. COLVIN
Commissioner, Social Security Administration                          DEFENDANT

## MEMORANDUM OPINION

Bobby Rhodes ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1.    Background:

Plaintiff protectively filed his disability applications on December 11, 2012. (Tr. 26, 214-223). In his applications, Plaintiff alleges being disabled due to severe high blood pressure, diabetes, neuropathy, asthma, deafness (in right ear), and problems with his right shoulder. (Tr. 239). Plaintiff alleges an onset date of September 6, 2012. (Tr. 26). These applications were denied initially and again upon reconsideration. (Tr. 84-123).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 152-153). Plaintiff's administrative hearing was held on June 11, 2014 in Texarkana, Arkansas. (Tr. 48-83). Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Anderson[1] testified at this hearing. *Id.* At the time of the hearing, Plaintiff testified he was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 56). As for his education, Plaintiff also testified he graduated from high school, attended some college, but did not complete college. (Tr. 56).

After this hearing, on March 27, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 26-42). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 29, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 6, 2012, his alleged onset date. (Tr. 29, Finding 2). The ALJ determined Plaintiff had the following severe impairments: essential hypertension, diabetes mellitus, asthma, disorder of muscle (ligaments and fascia), hearing loss, and obesity. (Tr. 29-30, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 30-32, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 32-39, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> I find the claimant has the residual functional capacity to perform light work (lift and/or carry 10 pounds frequently, and 20 pounds occasionally). He can sit, stand,

---

[1] The first name of "Dr. Anderson" was not included in the transcript.

and walk for about 6 hours in an eight-hour day.  He is not limited in pushing or pulling with his upper or lower extremities.  He is limited in reaching overhead to no more than occasionally with his right upper extremity.  He has limited hearing, and cannot have a job where acute hearing is required.  He should not be exposed to environmental hazards, such as fumes, dusts, odors, poor ventilation, gases, or other respiratory irritants.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 39-42, Finding 6).  The VE testified at the administrative hearing regarding this issue.  (Tr. 41-42, 77-83).  Based upon that testimony and considering Plaintiff's RFC, the ALJ determined Plaintiff retained the capacity to perform his PRW as a security guard, deli slicer, and manager trainee.  (Tr. 39-42, Finding 6).  Because Plaintiff retained the capacity to perform his PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from March 27, 2015 through the date of his decision or through March 27, 2015.  (Tr. 42, Finding 7).

Thereafter, on May 12, 2015, Plaintiff requested a review by the Appeals Council.  (Tr. 19).  The Appeals Council denied this request on July 31, 2015.  (Tr. 1-4).  On July 29, 2015, Plaintiff filed the present appeal with this Court.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on July 30, 2015.  ECF No. 5.  This case is now ready for decision.

## 2.   <u>Applicable Law</u>:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the

Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff raises four arguments for reversal: (1) the ALJ erred by finding his impairments did not meet the requirements of Listing 1.02; (2) the ALJ erred by failing to consider the combination of his impairments; (3) the ALJ erred in discrediting the opinion of his treating physician; and (4) the ALJ erred in presenting his hypothetical to the VE. ECF No. 11 at 1-21. Upon review of these claims, the Court finds the ALJ erred when he evaluated Plaintiff's impairments in combination and when he considered his subjective complaints. Accordingly, the Court will only address Plaintiff's second argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski.*  Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ instead spent nearly seven pages reciting the applicable law.  (Tr. 32-39).  The ALJ also went to great lengths to recite how he considered that law in reaching his conclusions.  (Tr. 32-39).  At no point, however, did the ALJ actually apply the law to the facts in Plaintiff's case.  An example of such a recitation is as follows:

> In this case, I paid special attention to the claimant's allegations of pain.  In evaluating, the functional limitations resulting from pain, I considered the evidence in the record regarding the overt symptomatology typical of disabling pain, such as: severe muscles weakness, atrophies, deformities, swelling, tenderness, marked

> spasm, joint stiffness, wasting of muscle, range of motion limitation, the weight loss, and sensory-motor deficits. I also considered the type and amount of medication prescribed, and the frequency of claimant's doctor visits with complaints of pain. Testimony at the hearing has also been carefully considered, to the extent consistent with claimant's treatment record and statements to health care providers.

(Tr. 37). Notably, while this is a good recitation of what the ALJ claims to have considered and a good recitation of the applicable law, the ALJ never stated his actual *findings* to support his evaluation of Plaintiff's credibility.

Thus, because the ALJ provided no findings to support his evaluation of Plaintiff's subjective complaints, the ALJ's decision to discount Plaintiff's subjective complaints was without a sufficient basis and was improper under *Polaski*. See *Polaski,* 739 F.2d at 1322. Accordingly, this case must be reversed and remanded.

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 31st day of March 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski.*  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.